# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| VANESSA COOPER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV418-131 |
| | ) | |
| PIERCE PLAZA, LLC, d/b/a | ) | |
| Hampstead Oaks Apts. *and* | ) | |
| MARTIN H. BAILEY, | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

Defendants seek to compel discovery responses and mandatory fees pursuant to Fed. R. Civ. P. 26 & 37. Doc. 23. Plaintiff Vanessa Cooper[1] having failed to respond, that motion is unopposed by operation of the Local Rules. S.D. Ga. L. R. 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."). Normally, that would oblige the Court to grant the motion to compel as unopposed and move immediately to the request for an award of fees and

---

[1] Plaintiff Savannah Chatham County Fair Housing Council was dismissed with prejudice from the case. Doc. 22.

costs. Here, however, the situation has a few wrinkles that require resolution prior to entry of any order.

Plaintiffs initial (allegedly) deficient responses to discovery were submitted last year, in the months before counsel withdrew. *See* doc. 23 (representing that plaintiff's deficient responses were submitted between October and December 2018); doc. 20 (February 20, 2019 order granting motion for withdrawal of counsel and imposing 90-day extension of all deadlines to permit plaintiff to find replacement counsel). She has neither supplemented her deficient responses nor contacted defendant to indicate her intention to comply with her discovery obligations or request an extension of time to do so. Perhaps plaintiff believes that she does not need to respond, given that deadlines were stayed so she could locate counsel. Even though she is currently unrepresented, however, plaintiff must abide the same discovery obligations as a represented party. Her silence indicates an unwillingness or lack of desire to do so.

Because plaintiff is entitled to an opportunity to be heard before the imposition of fees and costs under Rule 37, the Court will give her an opportunity to clarify both whether she intends to proceed with this case and a response, if any, to defendants' sanctions demand. Plaintiff is

therefore **DIRECTED** to file, within **14 days** of service of this Order, a written response, including the case caption and titled "Response to Order," stating whether she intends to further prosecute this case and her opposition (if any) to an award of fees to defendants for their time expended in preparing the motion to compel. If she does not oppose, plaintiff is **ORDERED** to confer with defendants to reach an agreement on fees and costs and the parties should file a joint notice of their stipulation to fees and costs with the Court within that same 14 day period. If plaintiff disputes the amount of fees and costs claimed, she must file her opposition to that claim within the same time period.

Further, if plaintiff declines to respond in any way to this Court's Order within **14 days**, the Court will recommend her case be dismissed for failure to both prosecute the case and comply with a court order. This Court, after all, has the inherent authority to prune cases from its dockets where parties have failed to comply with its Orders. *See* L.R. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*,

CV491-277 (S.D. Ga. June 10, 1992).

**SO ORDERED,** this  2nd  day of April, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA