# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| VANESSA COOPER | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CV418-131<br>) |
| PIERCE PLAZA, LLC, d/b/a<br>Hampstead Oaks Apts. *and*<br>MARTIN H. BAILEY, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## ORDER

Defendants seek to compel discovery responses and for mandatory fees pursuant to Fed. R. Civ. P. 26 & 37, doc. 23, and contend that plaintiff's supplemental responses to their discovery remains meaningfully deficient, doc. 31. That motion is **GRANTED in part**.[1] Plaintiff is **ORDERED** to further supplement her discovery responses **within 21 days of service of this Order** to address each of the deficiencies identified in defendants' supplemental brief.[2] Because

---

[1] Defendants' motion to compel discovery is **GRANTED**. Given that plaintiff attempted to supplement her responses in good faith, albeit deficiently so, defendants' motion for sanctions is **DEFERRED**, pending plaintiff's responses following this Order. Should plaintiff fail to meaningfully comply, the Court will revisit the issue and consider an award of fees.

[2] To that end, the Clerk is **DIRECTED** to enclose an additional copy of defendants'

plaintiff is proceeding *pro se*, the Court will endeavor not to punish her lack of expertise. However, *pro se* litigants must follow the Court's Local Rules and the Rules of Civil Procedure and must abide their discovery obligations and fully litigate their cases. *See, e.g., McNeil v. United States*, 508 U.S. 106, 113 (1993) ("While their pleadings are to be liberally construed, *pro se* plaintiffs are not excused from complying with procedural rules."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (*pro se* filings are to be liberally construed, but *pro se* litigants nonetheless must conform to procedural rules); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (*pro se* litigants are "subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure.").

Plaintiff must answer defendants' discovery requests as thoroughly as she can. If she does not understand a query or cannot respond to it, she may so state. But she must try. Finally, to the extent that she has no further information or cannot remember, she must say so as well. Her supplementary responses must identify *any* expert she intends to retain

---

supplemental briefing (doc. 31) for plaintiff's use.

and their anticipated facts or opinions, *see* Fed. R. Civ. P. 26(a)(2), as well as detailed responses to defendants' interrogatories that seek to flesh out *plaintiff's* evidence and allegations. Litigants must support their allegations, and to the extent plaintiff can identify her medical providers, employment history, other relevant insurance claims/lawsuits, relevant arrests, and residences to support her allegations, she must.

**SO ORDERED,** this  13th  day of May, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA